# BURSOR & FISHER
#### P.A.

**888 SEVENTH AVENUE**  
**NEW YORK, NY 10019**  
www.bursor.com

**YITZCHAK KOPEL**  
Tel: **646.837.7150**  
Fax: **212.989.9163**  
ykopel@bursor.com

September 1, 2022

<u>Via ECF</u>
The Honorable Ann M. Donnelly, U.S.D.J.
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Gutierrez v. Carter's, Inc.*, Case No. 1:22-cv-03234-AMD-RLM

Dear Judge Donnelly:

I represent Plaintiff in the above action and I write pursuant to Rule 4.A of Your Honor's Individual Practices and Rules and in response to Defendant's August 26, 2022 Letter ("Letter"). Plaintiff opposes Defendant's motion.

**Plaintiff Has Article III Standing.**  Defendant claims that Plaintiff lack Article III standing because she has not alleged "injury in fact." Letter at 1. However, in a lawsuit alleging nearly identical claims, Defendant's argument was rejected by Judge in *Caul v. Petco Animal Supplies, Inc*. 2021 WL 4407856, at *4 (E.D.N.Y. Sept. 27, 2021) ("Defendants suggest that an employee who has been paid all her wages but paid late would lack standing under Article III because she could [not] allege … any concrete harm.'"), where Judge Kovner explained "the late payment of wages is a concrete harm" because "temporary deprivation of money to which a plaintiff has a right constitutes a sufficient injury in fact to establish Article III standing. … That injury is especially acute for those workers 'who are generally dependent upon their wages for sustenance.'" (citing *Porsch v. LLR, Inc.*, 380 F. Supp. 3d 418, 424 (S.D.N.Y. 2019) and *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144, 1146 (N.Y. App. Div. 2019)). Furthermore, earlier this month, Judge Failla of the Southern District also rejected Defendant's argument in the NYLL § 191 context, agreeing with Judge Kovner. *See Gillett v. Zara USA, Inc.*, 2022 WL 3285275, at *6 (S.D.N.Y. Aug. 10, 2022) ("Irrespective of the fact that Plaintiff ultimately received the entire sum of wages he was owed, this delay of payment, in and of itself, constitutes a concrete harm that suffices for purposes of Article III. … This temporary withholding of money to which Plaintiff was owed — an injury Plaintiff purportedly suffered every pay period he worked for Defendants — is a concrete, economic harm.") (citing *Petco*, 2021 WL 4407856, at *4).[1]

**Plaintiffs Have a Private Right of Action.**  Next, Defendant claims there is no private right of action to assert NYLL § 191 claims. Letter at 2.  But the highest New York court to

---

[1] Defendant's argument was also rejected by Judge Brown, Judge Seibel, and Judge Matsumoto in similar § 191 cases.  *See Rodriguez v. Williams-Sonoma, Inc.*, No. 2:22-cv-02436-GRB-JMW (E.D.N.Y.) (ECF No. 23, Aug. 5, 2022 Minute Entry, holding plaintiff had Article III standing); *Corporan v. Regeneron Pharmaceuticals, Inc.*, Case No. 21-cv-05069-CS (S.D.N.Y.) (ECF No. 36, Jan. 24, 2022 Hearing Transcript at 8-10, holding same); *Davis v. Banana Republic*, Case No. 21-cv-06160-KAM (E.D.N.Y.) (ECF No. 26-1, April 5, 2022 Hearing Transcript at 3-4, holding same).

consider this issue rejected Defendant's argument in *Vega*. There, the First Department held "New York Labor Law § 198(1-a) expressly provides a private right of action for a violation of Labor Law § 191." 175 A.D.3d at 1146. Therefore, "there is a private right of action for violations of Section 191" and "the term underpayment encompasses the instances where an employer violates the frequency requirements of section 191(1)(a) but pays all wages due before the commencement of an action." *Sorto v. Diversified Maint. Sys., LLC*, 2020 WL 7693108, at *2-3 (E.D.N.Y. Dec. 28, 2020). "Since *Vega*, **every court in this Circuit** to consider that decision appears to have followed its construction of the New York Labor Law…and defendants present no persuasive reason to do otherwise." *Rodrigue v. Lowe's Home Centers, LLC*, 2021 WL 3848268, at *5 (E.D.N.Y. Aug. 27, 2021) (collecting cases, emphasis added). Zero courts have expressly rejected the *Vega* decision.

Although Defendant contends that prior to *Vega*, courts "were generally aligned" that no private right of action existed under NYLL § 191, Letter at 2, that is simply not true. District courts within the Second Circuit have long held that a private right of action exists under NYLL § 191.[2] The truth is that there was a split in authority on this issue, which *Vega* resolved. Moreover, in an October 28, 2010 Opinion Letter, the DOL reiterated that NYLL § 191 is enforceable by a private right of action.[3]

Defendant also contends that *Vega*'s holding is "inconsistent with the legislative intent and histories" and "not aligned with constitutional considerations of due process." Letter at 2. But that too is wrong. <u>First</u>, legislative memoranda from 1966 and 1967 show an intent to create a private right of action with liquidated damages resulting from late payment of wages. In 1966, the New York Legislature passed a bill repealing the previous iteration of Article Six and enacting a new version which provides the basis for the current law. A memorandum accompanying the bill explained "[t]he bill clarifies the application of the wage payment provisions for manual workers" by "indicat[ing] that weekly payment of wages applies to manual workers[.]"[4] In 1967, the Legislature enacted Section 198, allowing for a private cause of action with a liquidated damages provision. According to the memorandum accompanying the bill, its purpose was "[t]o assist the enforcement of the wage payment … laws by imposing greater sanctions on employers for violation of those laws."[5] And the memorandum also makes clear that the purpose of the liquidated damages provision of the bill as to "compensate the employee for the loss of the use of the money to which he was entitled."[6]

---

[2] *See Wiggins v. Hain Pure Protein Corp.*, 829 F. Supp. 2d 231, 241 (S.D.N.Y. 2011) ("[p]ursuant to § 191, certain kinds of employees can bring a claim for an employer's failure to pay their wages on a certain schedule."); *Cuzco v. Orion Builders, Inc.*, 2010 WL 2143662, at *4 (S.D.N.Y. May 26, 2010) (granting summary judgment in favor of plaintiffs on § 191 claim); *Urtubia v. B.A. Victory Corp.*, 857 F. Supp. 2d 476 (S.D.N.Y. 2012) (denying MTD and observing § 191 does not preclude employees from bringing private action); *Gaughan v. Rubenstein*, 261 F. Supp. 3d 390, 426 (S.D.N.Y. 2017) (permitting private right of action for § 191 claim*); Lopez-Serrano v. Rockmore*, 132 F. Supp. 3d 390 (E.D.N.Y. 2015) (same); *see also Poplawski v. Metroplex on the Atl., L.L.C.*, 2012 WL 1107711, at *12 (E.D.N.Y. Apr. 2, 2012) (granting class certification of NYLL § 191 claims); *Ortiz v. Arthur T. Mott Real Estate, L.L.C.*, 2:15-cv-03940, ECF No. 73 (E.D.N.Y. Sept. 15, 2016) (denying MTD plaintiffs' § 191 claim).
[3] https://statistics.labor.ny.gov/legal/counsel/pdf/Direct%20Deposit%20of%20Wages/Direct%20Deposit,%20Meal%20Breaks%20and%20Child%20Labor%20-%20RO-10-0003.pdf, at pp. 4 ("], nor does it prevent an employee from filing a complaint with this Department or bringing an action for a violation of [NYLL § 191.]"
[4] https://nysl.ptfs.com/data/Library1/pdf/NY200060392_L-1966-CH-0548.pdf, at pp. 4 of 12.
[5] https://nysl.ptfs.com/data/Library1/pdf/NY200060392_L-1967-CH-0310.pdf, at pp. 6 of 16.
[6] *Id.* at pp. 5 of 16.

<u>Second</u>, Defendant's due process argument was already recently rejected by Judge Kovner in *Rodrigue*, 2021 WL 3848268, at *6, where she held a "challenge of this sort is premature. At this stage of the case, there has been no liquidated damages award, and there is no record on which to assess whether an award would be excessive … Even if defendants were correct that liquidated damages equal to 'the amount of all late payments' would violate the Due Process Clause, defendants have offered no reason why they would be entitled to dismissal of plaintiff's claim—rather than a reduction in damages.") (internal citations omitted).

Defendant claims Plaintiff is not entitled to damages NYLL § 198 provides a remedy for an "underpayment" of "wages found to be due" but "no wages are due." Letter at 3. But there is no meaningful difference between late payment and nonpayment – at the end of the first week of each biweekly pay period, Defendant failed to pay Plaintiff's wages. That is nonpayment. The "underpayment" and "amount due" at that time was the entire week's pay. The First Department explained this: "[t]he moment that an employer fails to pay wages in compliance with section 191(1)(a), the employer pays less than what is required." *Vega*, 175 A.D.3d at 1146. Any holding otherwise would allow an employer to "cure a violation and evade the statute by paying the wages that are due before the commencement of an action." *Id.* at 1145.

Citing to *Konkur v. Utica Acad. Of Sci. Charter Sch.*, 38 N.Y.3d 38 (2022), Defendant claims "that the Court of Appeals would not agree with *Vega*'s holding." Letter at 3. But Defendant neglects to mention that this exact argument—along with its reliance on *Konkur*—has been squarely rejected in the NYLL § 191 context by *Elhassa v. Hallmark Aviation Servs., L.P.*, 2022 WL 563264, at *2 (S.D.N.Y. Feb. 24, 2022) ("[T]he question in *Konkur* had to do with the implication of a private right of action [under Labor Law § 198–b, which prohibits wage kickbacks]. *Vega* rested on a different ground.'")) and *Mabe v. Wal-Mart Assocs., Inc.*, 2022 WL 874311, at *4, *6 (N.D.N.Y. Mar. 24, 2022). Defendant also claims that Plaintiff has not sufficiently alleged she is a manual worker covered by NYLL § 191. Letter at 3. However, the Department of Labor has stated "the term 'physical labor' has been interpreted broadly to include <u>countless physical tasks</u> performed by employees."[7] At worst, it presents an issue of fact inappropriate for resolution on the pleadings.

**Defendant's Request for a Stay Should Be Denied.** Lastly, Defendant requests a stay of all proceedings pending a request for interlocutory appeal in *Mabe v. Wal-Mart Associates, Inc.*, No. 1:20-cv-00591 (N.D.N.Y.) and *Grant v. Global Aircraft Dispatch, Inc.*, App. Div. No. 2021-03202 (2d Dep't). But Judge Kovner denied a nearly-identical request in *Caul v. Petco*, holding "[t]here is not substantial ground for a difference of opinion as to the availability of a private right of action for delayed waged payments under the NYLL," and rejecting Defendant's standing argument. 2021 WL 6805589, at *1-2 (E.D.N.Y. Dec. 22, 2021). Moreover, *Grant* is not controlling. In the highly unlikely event that the Second Department parts with the unanimous decision of the First Department in *Vega* and every federal court to consider the issue since then, that would only indicate a split. *See Zomba Recording LLC v. Chen*, 2009 WL 1011644, at *3 (N.D.N.Y. Apr. 15, 2009) (declining to stay case pending resolution of another action which "will not be binding precedent in the Second Circuit"). Moreover, as mentioned *supra*, *Grant* was wrongly decided because the court was unquestionably bound by the holding in *Vega*, which it was not made aware of.

---

[7] https://dol.ny.gov/system/files/documents/2021/03/frequency-of-pay-frequently-asked-questions.pdf (emphasis added).

Respectfully,

*Y. Kopel*

Yitzchak Kopel

cc: All counsel of record via ECF