UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X
                                                                :
**ROSA GUTIERREZ**,                                             :
                                                                :
                                    Plaintiff,                  :
                                                                :       **MEMORANDUM DECISION AND**
                                                                :       **ORDER**
                        – against –                             :
                                                                :       22-CV-3234 (AMD)(LB)
                                                                :
**CARTER'S INC.**,                                              :
                                                                :
                                    Defendant.                  :
                                                                :
-------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

The plaintiff, Rosa Gutierrez, brings this class action against Carter's Retail, Inc.[1] under

New York Labor Law ("NYLL"). The plaintiff alleges that the defendant was required to pay

manual workers weekly, but paid her and other manual workers every two weeks. Before the

Court is the defendant's motion to dismiss for lack of jurisdiction and for failure to state a claim

and, in the alternative, for an order staying this action pending a decision in a similar case before

the Appellate Division, Second Department. For the reasons explained below, the defendant's

motion to dismiss and request for a stay are denied.

## BACKGROUND

The following facts are drawn from the complaint and documents attached as exhibits.

The allegations in the complaint are "accept[ed] as true" on a motion to dismiss. *Dane v.*

*UnitedHealthcare Ins. Co.*, 974 F.3d 183, 188 (2d Cir. 2020) (citation omitted).

From "approximately 2018 to 2020," the defendant employed the plaintiff as a store

manager. (ECF No. 8 ¶ 11.) In that position, the plaintiff spent at least a quarter of her time

---

[1] The defendant is identified as "Carter's Inc." in the case caption. The defendant states that its correct
name is "Carter's Retail, Inc." (ECF No. 20-1 at 7.)

performing manual labor, "including tasks such as unloading and stocking inventory, handling and unpacking daily deliveries, and assembling storefront displays." (*Id.*)  According to the plaintiff, the defendant paid her on a "biweekly" basis; in other words, she was paid every two weeks for two weeks of work. (*Id.*)

The plaintiff brings a single cause of action in her amended class-action complaint, alleging the defendant failed to pay timely wages in violation of NYLL § 191(1)(a) because the defendant paid the plaintiff on a biweekly basis instead of every week. (*See* ECF No. 8 ¶¶ 19–22.)  The plaintiff seeks liquidated damages as well as reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest. (*Id.* ¶ 22.)

The defendant moves to dismiss the complaint for lack of jurisdiction and the failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  According to the defendant, the Court does not have jurisdiction over the plaintiff's state law claims because the plaintiff lacks standing and because NYLL § 191 does not include a private right of action. (ECF No. 20-1 at 10–22.)[2]  In the alternative, the defendant requests that the Court stay the proceedings until the Appellate Division, Second Department decides *Grant v. Global Aircraft Dispatch, Inc.*, No. 2021-0320.

## LEGAL STANDARD

"Determining the existence of subject matter jurisdiction is a threshold inquiry," *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 561 U.S. 247 (2010), and dismissal is proper under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction "when the district court lacks the statutory or constitutional power to

---

[2] Although the defendant "reserves the right to contest whether [the plaintiff], and the purported class members, are manual workers" the defendant does not move to dismiss the complaint on that basis. (ECF No. 20-1 at 8 n.1.)

adjudicate" the claim, *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). A federal court lacks subject matter jurisdiction when the plaintiff does not have standing to bring an action. *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.a.r.l*, 790 F.3d 411, 416–17 (2d Cir. 2015). When a Rule 12(b)(1) motion is based on the face of the complaint, the court must determine whether the complaint "allege[s] facts that affirmatively and plausibly suggest that [the plaintiff] has standing to sue." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016) (citation omitted).

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). Pleadings are construed in the light most favorable to the plaintiff. *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Pacnet Servs. Ltd. v. Off. of Foreign Assets Control of United States Dep't of the Treasury*, 521 F. Supp. 3d 181, 215 (E.D.N.Y. 2021) (quotation marks and citation omitted). "A court may enter a stay pending the outcome of proceedings which bear upon the case, even if such proceedings are not necessarily controlling of the action that is to be stayed."

*Rankine v. Levi Strauss & Co.*, No. 22-CV-03362, 2023 WL 3582323, at *6–8 (S.D.N.Y. May 22, 2023) (internal quotation marks omitted).

The movant "bears the burden of establishing its need" for a stay. *Davis v. Banana Republic, LLC*, No. 21-CV-6160, 2023 WL 5979207, at *1 (E.D.N.Y. Aug. 25, 2023) (citation omitted). In determining whether to grant a stay, courts consider five factors: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Id.* (citing *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996)).

## DISCUSSION

### I.  Standing

The defendant argues that the plaintiff does not have standing because she "has not alleged how being paid biweekly instead of weekly caused her concrete and actual harm." (ECF No. 20-1 at 11.) According to the defendant, the plaintiff "has not alleged any facts showing she, and the class she purports to represent, forwent the opportunity to invest or otherwise use the money she alleges was due on a weekly basis," or that she "was late on any bills and incurred a late fee, or that she intended to deposit her paycheck into an interesting-bearing account for which she would have accumulated interest in a week." (*Id.* at 11–12.)

The defendant's argument "has been rejected repeatedly by courts in this Circuit in the specific context of claims arising under Section 191." *Krawitz v. Five Below, Inc.*, No. 22-CV-2253, 2023 WL 6385711, at *3 (E.D.N.Y. Sept. 29, 2023) (quotation marks and citation omitted). The "late payment of wages—as pleaded here—is a concrete harm sufficient to establish Article III standing." *Id.*; *see also Caul v. Petco Animal Supplies, Inc.*, No. 20-CV-

3534, 2021 WL 4407856, at *4 (E.D.N.Y. Sept. 27, 2021) (same).  As the court explained in *Espinal v. Sephora USA, Inc.*, "the loss of the time value of money owed to plaintiff is not a harm that *might* occur, but one that *has* occurred; it is not a harm that *might* materialize, but one that *has* materialized," and is thus sufficient to confer standing.  No. 22-CV-03034, 2022 WL 16973328, at *3 (S.D.N.Y. Nov. 16, 2022).

The plaintiff, therefore, has pleaded sufficient facts to establish standing.

**II.    Private Right of Action**

The defendant next argues that the plaintiff's claims should be dismissed because "there exists no private right of action under NYLL § 191."  (ECF No. 20-1 at 10.)  The defendant is incorrect.

Section 191 of NYLL provides that "[a] manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned" unless the Commissioner of the New York Department of Labor has "authorized" the employer to pay the worker less frequently.  Section 198 of NYLL permits an "employee to recover the full amount of any underpayment" of wages.  In addition, "unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law," the employee may also recover "an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due."  NYLL § 198.

The defendant argues that, properly interpreted, Section 191 does not provide a private right of action, and that Section 198 does not apply to the plaintiff's claims.  "When deciding a question of state law," a federal court "look[s] to the state's decisional law, as well as to its constitution and statutes."  *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 497 (2d Cir. 2020) (citation omitted).  Absent a clear directive from a state's highest court, a federal court must "predict how the state's highest court would resolve the uncertainty or ambiguity."  *Id.* at

499 (citation omitted).  In doing so, the federal court "is bound to apply the law as interpreted by a state's intermediate appellate courts unless there is persuasive evidence that the state's highest court would reach a different conclusion." *V.S. v. Muhammad*, 595 F.3d 426, 432 (2d Cir. 2010).

Here, a state intermediate appellate court has held that NYLL "[Section] 198(1-a) expressly provides a private right of action for a violation of [Section] 191." *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144, 1146 (1st Dep't 2019).  The First Department explained that Section 198 allows an award of damages based on untimely payments even if the employer had "pa[id] the wages that [we]re due before the commencement of [the] action." *Id.* at 1145.  The *Vega* court held that "underpayment" for purposes of Section 198 occurs "[t]he moment that an employer fail[s] to pay wages in compliance with [S]ection 191(1)(a)." *Id.*  And while an employer who eventually pays the underpaid wages can "assert an affirmative defense" based on the eventual payment, the court concluded that an employee could still seek "statutory remedies," including liquidated damages. *Id.*

The defendant argues that this Court is not bound by *Vega* because it "is a lone intermediate court decision." (ECF No 20-1 at 15.)  On the contrary, this Court is "bound to apply" the First Department's ruling in *Vega* "unless there is persuasive evidence that the state's highest court would reach a different conclusion." *Muhammad*, 595 F.3d at 432.  The defendant presents no persuasive evidence that the New York Court of Appeals would reach a different decision.  Instead, the defendant  maintains that *Vega* "was wrongly decided and has created confusion." (ECF No. 23 at 7.)  To support that claim, the defendant says that New York law does not allow a private right of action for late payment of full wages to be implied in Sections 191 or 198. (ECF No. 20-1 at 17–22.)  "In New York, a private right of action may be implied where the plaintiff is one of the class for whose particular benefit the statute was enacted, the

recognition of a private right of action would promote the legislative purpose of the statute, and the creation of such a right would be consistent with the legislative scheme." *Mabe v. Wal-Mart Assocs., Inc.*, No. 20-CV-00591, 2022 WL 874311, at *7 (N.D.N.Y. Mar. 24, 2022) (quotation marks and alterations omitted). The defendant argues that the NYLL already provides an administrative mechanism to enforce Section 191 violations, (ECF No. 20-1 at 18),[3] and the legislative history reflects the administrative nature of the Section 191 scheme, (*id.* at 19–20.) But, as Judge Rachel Kovner observed in rejecting similar arguments, *Vega* addressed the question of legislative intent; Judge Kovner found "that the purposes of Sections 191 and 198 are to protect employees who are 'dependent upon their wages for sustenance' and deter labor law violations," and "contrary to defendants' emphasis on administrative enforcement, Section 198 lets an individual sue even where the administrator declines." *Caul v. Petco Animal Supplies, Inc.*, No. 20-CV-3534, 2021 WL 4407856, at *3 (E.D.N.Y. Sept. 27, 2021) (quoting *Vega*, 175 A.D.3d at 1146).

The defendant cites *Konkur v. Utica Academy of Science Charter School*, 181 A.D.3d 1271 (4th Dep't 2020), but that case is distinguishable. There, the Fourth Department found that the Legislature did not intend to create a private right of action for violations of Section 198-b, a different part of the statute. 181 A.D.3d 1272–73. The court "offer[ed] no opinion with respect to whether other provisions within article 6 of [NYLL] afford private rights of action." *Id.*[4]

---

[3] The plaintiff notes that the New York State Department of Labor—the administrative body the defendant argues is charged with enforcing violations of Section 191—stated in a 2010 opinion letter that a private right of action exists for Section 191 violations. The Court does not address the significance of this pre-*Vega* letter.

[4] The parties disagree on the relevance of the No Wage Theft Loophole Act of 2021 amending Article 6 of the NYLL, which contains Sections 191 and 198. The plaintiff argues that in choosing to amend the statute without "narrow[ing] the statutory language," the New York legislature signaled an acceptance of the *Vega* holding, and the progeny of cases applying it. (ECF No. 21 at 15–16.) The defendant argues that this Act shows "[y]et another opportunity that the legislature has not taken to expressly provide for a right of action for the late payment of wages, if that was its intent." (ECF No. 23 at 9.)

In short, the plaintiff has stated a claim under NYLL § 191.  Accordingly, the defendant's motion to dismiss is denied.

## III.    Liquidated Damages

The defendant argues that "[l]iquidated damages in the amount of all late payments are excessive in proportion to the harm that any employee has suffered," and would be "punitive." (ECF No. 20-1 at 22.)  The defendant invokes the "New York Constitution," but cites only cases construing the United States Constitution.  (*See id.* at 22–23.).  The Court construes this claim as a due process claim under the Fourteenth Amendment.

The defendant's challenge is premature.  At this stage of the case, there has been no liquidated damages award.  Nor is there a record on which to assess whether an award would be excessive in light of "the degree of reprehensibility of the defendant's misconduct," "the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award," and "the difference between the punitive damages awarded . . . and the civil penalties authorized or imposed in comparable cases.'"  *Thomas v. iStar Financial, Inc.*, 652 F.3d 141, 149 (2d Cir. 2010) (describing the Supreme Court's three "'guideposts' for courts reviewing [punitive damages] awards").  Moreover, even if the defendant is correct that liquidated damages equal to the amount of all late payments would violate the Due Process Clause, the defendant has offered no reason why the Court should dismiss the plaintiff's claim rather than reduce a damages award at the appropriate time.  *See Rodrigue v. Lowe's Home Centers, LLC*, No. 20-CV-1127, 2021 WL 3848268, at *6 (E.D.N.Y. Aug. 27, 2021).

---

The Court is bound by *Vega*, and does not address the effect of the Act's 2021 amendment to NYLL Article 6.

**IV.    Request for Stay**

In the alternative, the defendant requests that the Court stay all proceedings pending the outcome of *Grant v. Global Aircraft Dispatch, Inc.*, No. 2021-0320 (App. Div. 2d Dep't), in which the trial court dismissed an untimely pay case, and which is currently before the Appellate Division, Second Department.

A court determining whether to issue a stay considers: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Banana Republic*, 2023 WL 5979207, at *1 (citing *Kappel*, 914 F. Supp. at 1058).

The defendant contends that the first factor weighs in favor of a stay because the plaintiff "need not incur additional expenses to litigate when claims that mirror hers may be resolved" in *Grant*. (ECF No. 20-1 at 24.)  However, as the defendant acknowledges, the decision in *Grant* will "have the same weight as *Vega*, which may create a split in the Appellate Division." (*Id.* at 23–24.)  Therefore, "even should such a best-case scenario for [the defendant] come to pass, the Court would then be presented only with conflicting guidance as to how to project the likely determination of the Court of Appeals, meaning that such a result need not lead to the dismissal of [the plaintiff's] claim." *Rankine*, 2023 WL 3582323, at *8.  Moreover, the plaintiff asserts her "substantial interest in proceeding expeditiously with this litigation," although she does not claim that she would be prejudiced by a stay. (ECF No. 21 at 23.)  The first factor is therefore neutral.

With respect to the second factor, the defendant argues that it "will be required to spend a considerable amount of time and money in discovery" "defending a putative class action which may very well . . . be nullified." (ECF No. 20-1 at 24.)  The plaintiff contends that "[d]iscovery will largely consist of Plaintiff's job duties and class payroll data over the class period." (ECF

No. 21 at 23.)  The defendant responds that discovery will consist of that information "at the very least," but does not identify any further categories of anticipated discovery.  (ECF No. 23 at 12–13.)  Given the relatively simple nature of this case, the Court is not persuaded that the discovery process will be unduly burdensome for the defendant, or that any prejudice to the defendant would outweigh the prejudice to the plaintiff caused by a delay in proceedings.  *See Rankine*, 2023 WL 3582323, at *7.

Finally, the defendant argues that a stay would mean that the Court "need not expend any additional judicial resources to adjudicate this matter, as the *Grant* Court will resolve the same issues before this Court."  (ECF No. 20-1 at 24.)  As explained above, the Second Department's decision in *Grant*, even assuming it creates a split between the First and Second Departments, would not "resolve" the plaintiff's claims here.  The Court finds that "staying the case would merely delay litigation and likely result in greater inefficiencies to the Court and litigants." *United States v. Town of Oyster Bay*, 66 F. Supp. 3d 285, 292 (E.D.N.Y. 2014) (quotation marks and citation omitted).[5]

A stay would not serve the interests of fairness or efficiency.  Accordingly, the defendant's request for a stay is denied.

---

[5] The Court has considered the remaining factors regarding the interests of persons not parties to the civil litigation and the public interest and finds that they are neutral.  *See Banana Republic*, 2023 WL 5979207, at *2.

## CONCLUSION

For these reasons, the defendant's motion to dismiss is denied.  The defendant's request

for a stay of the proceedings is also denied.

**SO ORDERED.**

s/Ann M. Donnelly

_____
ANN M. DONNELLY
United States District Judge


Dated: Brooklyn, New York
       November 7, 2023